IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| FRANK RENNER )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>PARAMOUNT RECOVERY SYSTEMS, L.P. )<br> )<br> )<br>Defendant. ) | **COMPLAINT**<br><br>Case No.: 6:22-cv-538<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Frank Renner, by and through the undersigned counsel, and for his Complaint against Defendant, Paramount Recovery Systems, L.P. ("PRS") under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") states as follows:

### JURISDICTION

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d) and 1681(p).

2. Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5. Plaintiff resides in the city of Saint Clairsville, a part of Belmont County, Ohio 43950.

1

6. Defendant, a Texas corporation headquartered in Waco, Texas practices as a debt collector throughout the country, including Ohio.

7. Defendant attempts to collect alleged debts throughout the state of Ohio, including in Saint Clairsville city and Belmont County.

8. Defendant has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused by Defendant's actions while headquartered in the state of Texas.

9. Defendant knowingly attempted to collect on an alleged debt while headquartered in this district and thus has sufficient minimum contacts with this venue making this venue additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

10. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

11. Defendant's collection activities violated the FDCPA.

12. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

13. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury

in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

14. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

15. Plaintiff, Frank Renner (hereafter "Plaintiff"), is a natural person currently residing in the State of Ohio.

16. Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

17. Defendant PRS is a Texas corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 7524 Bosque Blvd., Ste. L, Waco, Texas 76712.

18. Defendant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

19. Defendant regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

20. PRS is engaged in the business of a collection agency, using the mails, telephone, and consumer collection agencies to collect consumer debts originally owed to others.

21. PRS regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

22. Defendant PRS is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

23. Equifax Information Services, LLC is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). Equifax Information Services, LLC regularly engages in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

    a. Public record information;

    b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## FACTUAL ALLEGATIONS

24. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than PRS.

25. Upon information and belief, on a date better known by PRS, PRS began to attempt to collect an alleged consumer debt from the Plaintiff.

26. On or about May 28, 2021, Plaintiff had a telephone conversation with Defendant regarding an alleged debt allegedly owed by Plaintiff.

27. The alleged debt was said to be owed for a medical bill and would therefore only have been incurred for personal or family purposes.

28. The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

29. The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

30. During the telephone call, Plaintiff informed Defendant's representative that the alleged debt had already been paid by his wife's insurance and was reporting incorrectly.

4

31. Once Plaintiff disputed the debt, Defendant was required to mark the account as disputed if it chose to voluntarily report to the Credit Reporting Agencies, specifically Equifax Information Services, LLC.

32. PRS was voluntarily reporting a collection account on Plaintiff's credit report with the credit reporting agencies.

33. PRS's voluntary reporting to the credit reporting agencies is a "communication" under the FDCPA in connection with the collection of an alleged debt.

34. On or about August 18, 2021, Plaintiff received an updated credit file from Equifax Information Services, LLC. **Exhibit A.**

35. The credit report was updated on July 21, 2021, by PRS.

36. The updated August 18, 2021, credit report did not contain updated account information.

37. The updated August 18, 2021, credit report did not contain updated marked as disputed information.

38. PRS furnished information to Equifax Information Services, LLC regarding Plaintiff's account without notifying them the account had been disputed by consumer.

39. PRS failed to update the account information and mark the account as disputed on the updated August 18, 2021, credit report after Plaintiff disputed the account on May 28, 2021.

40. Upon information and belief, PRS never updated the account information and never marked it as disputed even after receiving information of the dispute.

41. All of PRS's actions under the FDCPA complained of herein occurred within one year of the date of this Complaint.

42. All of PRS's actions under the FCRA complained of herein occurred within two years of the date of this Complaint.

43. Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of the PRS.

44. Plaintiff suffered actual harm by being the target of inaccurate credit reporting and/or misleading debt collection communications by PRS.

45. Plaintiff has suffered actual harm due to credit denials caused by false credit reporting by PRS.

46. Plaintiff has suffered actual harm based on his costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

47. Defendant's action has created an appreciable risk of harm to the underlying concrete interests that Congress sought to protect in creating the FDCPA.

48. Plaintiff would have pursued a different course of action had Defendant not violated the statutory protections created by Congress.

49. Plaintiff attempted to pursue his rights yet was left with no actual knowledge as to how to proceed based on Defendant's actions.

50. Defendant's denial of Plaintiff's rights caused harm in the form of impaired credit, no plausible way of ascertaining the status of his debt in order to make a rational determination as to how to proceed and forcing him to make financial decisions based on misinformation and engage in financial planning based on incorrect facts.

51. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of PRS.

52. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

**Count I: Violations Of § 1692e Of The FDCPA – False, Deceptive, Or Misleading Collection Actions**

53. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

54. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

55. Because Plaintiff disputed the debt, PRS, when choosing to contact the consumer reporting agencies, was obligated to inform them of the disputed status of the account. See Dixon v. RJM Acquisitions, L.L.C., 640 Fed. Appx. 793 (10th Cir. 2016) (Reversed summary judgment to the collection agency on the consumer's § 1692e(8) claim that after she had disputed a debt, the agency had nevertheless reported the debt without disclosing the disputed. The consumer created a genuine fact issue given that she said during the recorded conversation: "I feel that all I owe is $20." A reasonable fact finder could treat the statement as a dispute of the alleged $102.99 debt.); Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013) "(We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not have an affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt unless the debt collector knows of the dispute and elects to report to a CRA.")

56. PRS used deceptive and misleading tactics when it communicated personal credit information which was known or which should have been known to be false, including the failure to communicate the debt was disputed in violation of 15 U.S.C. §§ 1692e, 1692e(8). See Sayles v. Advanced Recovery Systems, Incorporated, 865 F.3d 246, 249 (5th Cir. 2017); Brady v. Credit Recovery Co., 160 F.3d 64 (1st Cir. 1998) (The plain language of the FDCPA requires debt collectors to communicate the disputed status of a debt if the debt collector knows or should know that the debt is disputed. This standard requires no notification by the consumer but depends on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is required.)

57. PRS's collection communications are to be interpreted under the "least sophisticated

consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

58. PRS violated the Plaintiff's right not to be the target of misleading debt collection communications.

59. PRS violated the Plaintiff's right to a truthful and fair debt collection process.

60. PRS's communications with Plaintiff were deceptive and misleading.

61. PRS used unfair and unconscionable means to attempt to collect the alleged debt.

62. PRS's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to PRS's collection efforts.

63. PRS's failure to mark a debt as disputed it knows or should know is disputed violates § 1692e, 1692e(8) of the FDCPA.

64. PRS's conduct has caused Plaintiff to suffer damages including but not limited to a damaged credit score, the loss of time incurred by Plaintiff, and attorneys' fees paid for advice regarding his situation.

65. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

66. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of PRS's conduct.

67. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. PRS's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

68. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered actual damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment.

69. Defendant PRS's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Frank Renner, prays that this Court:

A. Declare that PRS's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Frank Renner, and against PRS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

**Count II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse**

70. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

71. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

72. PRS's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

73. PRS attempted to coerce Plaintiff into paying an alleged debt he otherwise would not have paid by submitting false and inaccurate information to his credit report.

74. PRS could have no other purpose in doing this except to harm Plaintiff's reputation and deprive him of his ability to receive any type of credit line unless he paid the alleged debts.

75. Defendant PRS's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Frank Renner, prays that this Court:

A. Declare that PRS's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Frank Renner, and against PRS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

## COUNT III: Violations Of § 1692f Of The FDCPA – Misleading Representations & Unfair Practices

76. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

77. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

78. PRS attempted to collect a debt by distributing false information that would negatively impact Plaintiff's rights as a consumer, as well as that would harm Plaintiff's financial health.

79. PRS used unfair and unconscionable means to attempt to collect the alleged debt.

80. PRS's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Frank Renner, prays that this Court:

    A.    Declare that PRS's debt collection actions violate the FDCPA;

    B.    Enter judgment in favor of Plaintiff Frank Renner, and against PRS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

    C.    Grant other such further relief as deemed just and proper.

### Count IV: Violation Of 15 U.S.C. § 1681s-2(B) of the FCRA- Duties of Furnishers of Information upon Notice of Dispute

81.    Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

82.    Defendant PRS violated 15 U.S.C. § 1681s-2(b) by continuing to report the PRS representation within Plaintiff's credit file with Equifax Information Services, LLC without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the PRS representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the PRS representations to the consumer reporting agencies.

83.    As a result of this conduct, action and inaction of PRS, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

84.    Defendant PRS's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

85. Plaintiff is entitled to recover costs and attorney's fees from PRS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Frank Renner, prays that this Court:

    A.    Declare that PRS's credit reporting actions violate the FCRA;

    B.    Enter judgment in favor of Plaintiff Frank Renner, and against PRS, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

    C.    Or, in the alternative, enter judgment in favor of Plaintiff Frank Renner, and against PRS, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

    D.    Grant other such further relief as deemed just and proper.

## JURY DEMAND

86. Plaintiff demands a trial by jury on all Counts so triable.

Dated: May 26, 2022

Respectfully Submitted,

**HALVORSEN KLOTE**

By: /s/ Joel S. Halvorsen

Joel S. Halvorsen, #67032
680 Craig Road, Suite 104
St. Louis, MO 63141
P: (314) 451-1314
F: (314) 787-4323
joel@hklawstl.com
*Attorney for Plaintiff*